UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:12-cv-80064-KLR

SHELLEY PENNEY, et. al., individually and on
behalf of all other similarly situated,

      Plaintiffs,

vs.

WAIORA, LLC, et. al.

      Defendants.
_____/

## JOINT MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT
### (with incorporated memorandum of law)

Plaintiffs, Shelley Penney, Gladys Murphy, Adrianah Seely, and Steven Marks ("Plaintiffs"), and Defendants, Waiora, LLC, and Stanley Cherelstein ("Defendants")(Plaintiffs and Defendants are collectively referred to herein as the "Parties"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 23 and Southern District of Florida Local Rule 7.1, hereby file their Joint Motion for Final Approval of Class Action Settlement, as follows:

### INTRODUCTION

The Parties entered into a Stipulation for Settlement of this case, which is intended to fully and finally resolve all claims set forth in the Amended Class Action Complaint [D.E. 116] relating to the sale of Natural Cellular Defense by Waiora, LLC, between April 2008 and October 2011, and filed their Joint Motion for Preliminary Approval of Class Action Settlement on March 5, 2013. [D.E. 137]. As full and final settlement of the claims asserted against

CASE NO. 9:12-cv-80064-KLR

Waiora, LLC, the Plaintiffs/Class agreed to also provide a release of their claims against the individual defendants, to wit, Waiora (as defined in the Settlement Agreement), Stanley J. Cherelstein, and third-party insurer, Chubb Custom Insurance Company.  In conjunction with the Stipulation of Settlement, Plaintiffs/Class also dismissed without prejudice all claims pending against Erik Deitsch and NDA Consulting, Inc., [D.E. 134], and dismissed with prejudice all claims pending against Defendant Norwood Stone, [D.E. 135], which this Court granted. [D.E. 139, 140.]

On March 8, 2013, this Court issued its Order Preliminarily Approving Stipulation of Class Settlement and Setting Final Approval Hearing ("Preliminary Approval Order"), [D.E. 142], in which this Court preliminarily certified the Class, approved the Stipulation of Settlement [D.E. 136] ("Settlement Agreement"), directed that Notice of Class Action Settlement and Fairness Hearing (the "Notice") be provided to the Settlement Class members in the manner prescribed therein along with an Opt-Out Form (Notice with Opt-Out Form filed at D.E. 141) and set the date of the Fairness Hearing to occur on September 11, 2013.

This Court directed that the Settlement Administrator, Garden City Group ("Garden City"), shall be responsible for (a) preparing and sending via U.S. Mail, the Notice to every member of the Class within forty-five (45) days of the Preliminary Approval Order and (b) keeping records of members of the Class who opt-out of the settlement.  (DE 142, ¶ 14.)  Garden City discharged its duties when it sent out a copy of the Notice, along with the opt-out form, to all members of the Class via U.S. Mail on April 19, 2013 in accordance with this Court's direction.  Garden City has diligently kept records of those Class Members who have opted-out of the settlement.  An affidavit from Garden City outlining the tasks it has done and the current

2

CASE NO. 9:12-cv-80064-KLR

status of the number of class members who have validly opted-out of the settlement will be filed with this Court prior to the September 11, 2013 Fairness Hearing.  In addition, Class Counsel and Waiora Counsel have tracked the opt-out forms which have been received by their respective offices.  The Notice was also posted by Class counsel on the official Settlement web site www.waiorasettlement.com.

The Parties jointly request that this Court grant final approval of their Settlement Agreement, finally certify the proposed Settlement Class under Fed. R. Civ. P. 23(a) and 23(b)(3), determine that the forms and methods of notice to the Class were appropriate and sufficient. and approve the proposed Plan of Allocation of the Settlement Fund.  The Parties have attached hereto a Proposed Order Granting Final Approval of Class Action Settlement.

<u>MEMORANDUM OF LAW</u>

## I.      NATURE OF THE CASE AND CLAIMS

Plaintiffs in this case seek to represent a global class of individuals that purchased a product known as Natural Cellular Defense ("NCD") at any time between April 2008 and October 2011 (the "Proposed Class"). NCD is a dietary supplement that contains an ingredient known as Zeolite, which is a naturally occurring mineral found in volcanic rock. NCD contains two ingredients, water and Zeolite. NCD is sold online by Waiora, LLC, and is also sold through a network of Waiora distributors, using a multi-level marketing distribution network.

The Proposed Class which was preliminarily approved by this Court includes all people who purchased NCD during the specified time period, which, according to Waiora' records, consists of approximately 79,652 people. Plaintiffs' allegation in this case is that each bottle of NCD sold between April 2008 and October 2011 contained "little or no" Zeolite, and was

therefore little more than a small bottle of water. Plaintiffs allege that the failure to include "the correct amount" of Zeolite within each bottle of NCD during this time period constitutes negligent or fraudulent misconduct. Defendants deny all liability in this case. Defendants contend that Plaintiffs' allegations are without merit, and Defendants have agreed to settlement only to avoid the cost and uncertainty of litigation, and to avoid further distraction caused by litigation.

During the course of this litigation, the Parties and their counsel conducted a detailed evaluation of the facts and circumstances underlying Plaintiffs' allegations, and of the applicable law. The Parties have propounded extensive discovery, including interrogatories and requests for production of documents. The parties have also engaged in an informal exchange of relevant documentation, and have taken deposition testimony. The parties have thoroughly briefed and litigated discovery issues before the Magistrate, and before this Court (in its appellate capacity), and have produced and reviewed a large volume of documents and evidence.

On November 19, 2012, the Parties participated in a day-long mediation conference with mediator John Freud, Esq.  In attendance was counsel for all Defendants in this case, counsel for the Chubb Custom Insurance Company, counsel for the Plaintiffs, and Plaintiffs' special insurance counsel, Ver Ploeg & Lumpkin, P.A.  Three of the Named Plaintiffs also appeared at the mediation; John Marks and Adrianah Seely appeared in person and Shelley Penney appeared telephonically.  After a full day of mediation, the Parties adjourned without settlement, but also without impasse.  The Parties continued their arms' length negotiation (through Mr. Freud) until January 13, 2013, at which time the Parties reached the proposed settlement memorialized by the attached Stipulation of Settlement, as detailed more fully below.

CASE NO. 9:12-cv-80064-KLR

This Proposed Settlement is not an admission of liability on the part of the Defendants. Defendants continue to deny all claims and allegations of wrongdoing asserted in this case and believe they have substantial factual and legal defenses available to them on all of the claims alleged by Plaintiffs. Nonetheless, Defendants have concluded that any further continuation of this litigation would be expensive and lengthy, and that it would be desirable if this matter were fully and finally settled and resolved in the manner set forth by the Stipulation of Settlement.

## II.   SUMMARY OF PROPOSED SETTLEMENT TERMS PRELIMINARILY APPROVED BY THIS COURT

The Proposed Settlement preliminarily approved by this Court provides for certification of a Class of individuals defined as follows:

> **All persons who directly purchased from Waiora at least one (1) bottle of the original formulation of a product known as Natural Cellular Defense ("NCD") with a label stating that it contained 2400mg of Zeolite at any time between April 2008 and October 2011.**

Excluded from the Class are the Defendants, members of the immediate family of each of the Defendants that are not corporate entities, any person who was or is an executive, officer, employee, director, and/or member of any of the Defendant corporations and/or companies during the relevant time period, any person, firm, trust, corporation, company, officer, director, member, or other individual or entity in which any Defendant has a controlling interest or which is affiliated with any of the Defendants, and the legal representatives, affiliates, agents, heirs, successors in interest, or assigns of any such excluded party.

This is an "opt-out" class; as such, also excluded from the Class are those Persons who timely and validly requested exclusion from the Class. As such, the Settlement does not bind any member of the proposed Class who deems the settlement to be unfair, or who for any reason

5

CASE NO. 9:12-cv-80064-KLR

desires to bring his or her own claim arising out of the facts alleged by Plaintiffs in this case. The total amount of class members who have filed a valid "opt-out" form is two hundred and seventy-nine (279) out of over 79,000 Class Members who were put on actual notice of this settlement. (*See* Garden City Affidavit).   As such, significantly less than 1% of all Class Members have opted out of the Proposed Settlement.

For those proposed members of the Class who do not opt-out of this settlement, the Proposed Settlement provides the following relief to each such proposed Class member: Each Class Member shall be entitled to three (3) free bottles of NCD that was manufactured after October 2011. Each Class Member not opting out of this settlement will automatically receive a voucher redeemable for this free product. A "3-pack" is sold by Waiora for One Hundred and Fifty Dollars ($150.00). Class Members are identifiable from within the books and records of Waiora, LLC (which keeps records identifying NCD purchasers) and it is now known that more than 79,000 Class Members have opted to remain within the Class.   Accordingly, the value of the benefit to the Class is more than Eleven Million Eight Hundred and Fifty Thousand Dollars ($11,850,000.00) (79,000 Class Members multiplied by the benefit to each Member).   Following final approval, the Class Administrator will be responsible for mailing a voucher to each Class Member who has not opted out of the Settlement Class.   Each Class Member will be responsible only for the cost of shipping the product, and in no event will any Class Member within the U.S. or Canada be charged more than $12.00 for shipping.

CASE NO. 9:12-cv-80064-KLR

The Proposed Settlement further provides that Defendants and/or their insurer will pay Eight Hundred and Fifty Thousand Dollars ($850,000.00) in cash into escrow[1], earmarked for incentive payments, and Plaintiffs' attorney's fees and costs, and Defendants do not oppose a petition (already filed by Plaintiffs and Class Counsel) for these funds to be distributed as follows: (1) Five Thousand Dollars ($5,000) to each of the four named Plaintiff for his/her participation in this litigation;[2] (ii) Eight Hundred and Thirty Thousand Dollars ($830,000) to the three law firms representing Plaintiffs in this case, as follows: One Hundred and Thirty Eight Thousand Three Hundred and Sixty One Dollars ($138,361.00) to Ver Ploeg & Lumpkin, P.A., Three Hundred and Forty Five Thousand Eight Hundred and Nineteen Dollars and Fifty Cents ($345,819.50) to Salpeter Gitkin, LLP, and Three Hundred and Forty Five Thousand Eight Hundred and Nineteen Dollars and Fifty Cents ($345,819.50) to Law Offices of Nolan Klein, P.A.

As set forth more fully within a separate unopposed fee petition [D.E. 147], five attorneys from these three law firms have worked diligently on this matter for over one year, without any compensation, and these payments will cover all attorney's fees and costs incurred in this case, and will not dilute or reduce the benefit to the proposed Class as set forth above (and represents less than seven percent of the value of the benefit to the class).  The Unopposed Petition to Approve Agreement on Attorney's Fees and Costs [D.E. 147] set forth the propriety of this

---

[1] These funds were already paid into Class Counsel's trust account on or about April 4, 2013, and are being held in trust pending final Court approval of the Class Settlement.

[2] As set forth more fully within a separate Unopposed Motion to Approve Agreement on Incentive Awards for Named Plaintiffs [D.E. 146], these Named Plaintiffs have expended a significant amount of time and effort in bringing this action on behalf of the Class Members and undertook an active, enterprising role in the prosecution of this case; an incentive award of five thousand dollars ($5,000.00) for each Named Plaintiff is warranted.

CASE NO. 9:12-cv-80064-KLR

agreed amount, both as a percentage of recovery, and using a lodestar analysis.  Waiora and/or

its insurer have additionally agreed to pay, and have paid, the significant costs associated with

class administration including the costs of the Class Administrator, Garden City, and the

accounting company retained to analyze and submit a report on Waiora's financial statements,

Kapila & Company.

     III.     **THE SETTLEMENT SHOULD BE APPROVED**

          A.     **The Court Has Personal Jurisdiction Over the Settlement Class Because the Class Received the Required Notice and an Adequate Opportunity to be Heard**

In addition to having personal jurisdiction over the named Plaintiffs, who are parties to

this litigation and agreed to serve as representatives of the Class, the Court also has personal

jurisdiction over all members of the Settlement Class because all required notices have been

disseminated, and the Class has received the requisite due process as specified by the United

States Supreme Court.   For a court to exercise jurisdiction over the claims of absent class

members:

> It must provide minimal procedural due process protection.  The plaintiff must receive
> notice plus an opportunity to be heard and participate in the litigation, whether in person
> or through counsel.  The notice must be the best practicable, 'reasonably calculated,
> under all the circumstances, to apprise interested parties of the pendency of the action and
> afford them an opportunity to present their objections.

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985) (*quoting Mullane v. Cent.*

*Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950)); *see also In re Prudential Ins. Co. of*

*Am. Sales Practices Litig.*, 148 F.3d 283, 306 (3d Cir.1998) ("[T]he district court obtains

personal jurisdiction over the absentee class members by providing proper notice of the

impending class action and providing the absentees with the opportunity to be heard or the

CASE NO. 9:12-cv-80064-KLR

opportunity to exclude themselves from the class."). These due process protections were provided with respect to the settlement.

**B.    The Best Practicable Notice Was Provided to the Class**

Detailed Notice, in the form approved by this Court, was provided to the members of the Class. *See* Garden City Affidavit. As ordered by this Court, the settlement claims administrator, Garden City ("Settlement Administrator") mailed the Notice to each Class Member whose interests would be affected by the proposed settlement, who were identified from the records maintained by Defendants. Dissemination of the Notice must conform with Rule 23 and with due process, which require that a class receive "the best notice practicable under the circumstances, including individual Notice to all members who can be identified through reasonable effort." *Eisen v. Carlyle & Jacqueline*, 417 U.S. 156, 173 (1974).

In this case, Notice was sent by U.S. mail to each and every individual member of the settlement Class as reflected within the books and records of Defendant, Waiora, LLC. Defendant, Waiora, LLC has kept a record of identifying information, including last known address, with respect to every person who bought NCD during the relevant time period, consisting of approximately 79,652 people. A copy of the Notice was sent to each and every last known address by the Class Administrator. The direct sending of a copy of the Notice to the last known address of every person within the proposed Class is eminently reasonably and calculated to reach all of the proposed Class members by the best means practicable, and should be approved.

In addition to direct mailing, a web site administered and maintained by Class Counsel containing the Settlement Documents was established, listing important dates and any other

CASE NO. 9:12-cv-80064-KLR

information as required in the Preliminary Approval Order.  The URL for the website relating to this case is http://www.waiorasettlement.com.  The Notice and all related forms, including the Stipulation of Settlement, can be downloaded or printed from the website.

### C.    The Class Notice Was Reasonably Calculated to Inform Class Members of Their Rights

"When the Parties reach a Settlement Agreement before the Class determination and seek to stipulate the settlement will have class wide scope, a Class Notice must be sent to provide absent members with certain basic information so that they have an opportunity to consider the terms of the settlement." *2 Newberg on Class Actions §11.30.* The substance of the Notice must describe in plain language the nature of the action, the definition of the certified class, and the class claims and defenses at issue. *Fed. R. Civ. P. 23(c)(2)(B).*  The Notice must explain that class members may enter an appearance through counsel if desired, may request to be excluded from the class, and that a class judgment shall have a binding effect on all class members. *Id.* Dissemination of the Notice must conform with Rule 23 and with due process, which require that a class receive "the best notice practicable under the circumstances, including individual Notice to all members who can be identified through reasonable effort." *Eisen v. Carlyle & Jacqueline*, 417 U.S. 156, 173 (1974).

The Notice in this case [D.E. 141] goes well beyond the requirements of Rule 23 and due process, and, accordingly, was previously preliminarily approved by this Court. The Notice that was provided in this case includes a summary of the claims alleged in the action; an explanation of the proposed terms of settlement, including the benefit that settlement Class members are entitled to receive under the Stipulation of Settlement and the method by which Class members will receive the benefit; an explanation of each Class member's right to opt-out of and/or object

10

CASE NO. 9:12-cv-80064-KLR

to the settlement within given time frames and subject to certain requirements and the method for

making objections; explanation as to the fact that Class members who do not opt-out will be

bound by the Stipulation of Settlement and Final Judgment and will have released all claims; an

explanation that Class Members who do not opt-out will be represented by proposed Class

counsel; and identification of Class counsel as a means for making inquiries regarding the

settlement and the rights of each member of the Class.

### D.    The Class Should Be Certified for Settlement

The Parties have already briefed at length the issue of class certification in the Joint

Motion for Preliminary Approval, and the arguments contained therein are adopted herein by

reference.  (DE 137 at 8-14.)  This Court agreed with the Parties in preliminarily finding "that all

applicable requirements of Federal Rule of Civil Procedure 23 have been satisfied, and this

Action has been properly maintained according to the provisions of Rules 23(a) and 23(b)(3)."

(DE 142, ¶¶ 8, 11.)  In order to resolve this Action, and in the best interests of all Parties and

Class Members, this Court should certify the Class for purposes of this Settlement.

### E.    The Settlement Should be Approved Because it is Fair, Adequate and Reasonable

In this case, the Parties have engaged in meaningful discovery, including the exchange of

documents and information pursuant to Federal Rule 26, exchange of documents pursuant

requests for production, informal exchanges of pertinent documents, exchange of documents

required by Order of this Court, and deposition testimony.  Following detailed and intensive

inquiry into the facts underlying this case, the Parties engaged in mediation with an experienced

mediator, John Freud, Esq.  The Parties were represented by multiple law firms at mediation,

including litigation counsel, and special insurance counsel.  There is no question but that the

11

CASE NO. 9:12-cv-80064-KLR

Parties were represented by ample counsel at the mediation conference, which was convened by a mediator experienced in resolution of complex disputes.

Following mediation, the Parties continued to negotiate at arms' length, through Mr. Freud, and exchanged information critical to evaluating the fairness of the proposed settlement, including Defendants' sensitive financial information. The Parties reached settlement in mid-January, as set forth within the attached Stipulation for Settlement, after approximately three (3) months of continuing arms' length negotiations. The settlement reached in this case requires and involves significant participation by Waiora's insurer, notwithstanding substantive and contentious disagreement over whether any coverage exists in this case, and the Parties intend to demonstrate at the Fairness Hearing (through expert testimony), that Plaintiffs have negotiated an exceptional deal obtainable for the Class Members in this case, including where this settlement involved participation by an insurance company notwithstanding its reservations regarding availability of coverage. It is respectfully submitted that there is and can be no serious question but that the proposed settlement should come with a presumption of fairness, adequacy, and reasonableness, such that final approval is warranted.

**F.    The Single Objection is Facially Deficient**

Only one (1) out of nearly 80,000 Class Members has objected to the Settlement. An objection was filed with this Court and served on counsel by Sharon Lindy on July 8, 2013. [D.E. 144]. This single objection is facially deficient as Ms. Lindy indicated that she does not plan on attending the Fairness Hearing, (DE 144 at 1), as required by the Notice and by this

CASE NO. 9:12-cv-80064-KLR

Court's Preliminary Approval Order. (DE 142, ¶ 15.)  Therefore, this objection should not be considered by this Court, and should not act as a bar to the Final Approval.[3]

WHEREFORE, for the reasons set forth herein, Plaintiffs, Shelley Penney, Gladys Murphy, Adrianah Seely, and Steven Marks, and Defendants, Waiora, LLC, and Stanley Cherelstein, respectfully request that the Court enter the proposed Order Granting Final Approval of Class Action Settlement in the form attached hereto, providing:

       a.      Granting Final Approval of the Settlement of this litigation;

       b.      Finally certifying the proposed Settlement Class under Fed. R. Civ. P. 23(a) and (b)(3).

       c.      Determining that the forms and methods of notice to the Class were appropriate and sufficient;

       d.      Approving the proposed Plan of Allocation of the Settlement Fund; and

       e.      Entering all such other relief as this Court deems just and equitable under the circumstances.

---

[3] Even if Ms. Lindy had indicated intent to appear at the Fairness Hearing (which she did not), her objection does not offer any substantive basis for disagreeing with the settlement reached in this case, but was instead more of a generalized complaint about lawyers or the legal system in general. Ms. Lindy further states that Defendant has done nothing wrong, and that her position would be that of Defendant's counsel; but, of course, Defendant's counsel does not have any objection to the settlement, and is filing the instant motion for approval of the settlement jointly with counsel for the class.

CASE NO. 9:12-cv-80064-KLR

Respectfully Submitted,

**LAW OFFICES OF NOLAN KLEIN, P.A.**
Attorneys for Plaintiff
Harrison Executive Centre
1930 Harrison St., Ste. 502,
Hollywood, FL 33020
PH: (954) 372-0985; (305) 397-1924 FAX

By: s/ Nolan K. Klein
NOLAN K. KLEIN
Florida Bar No. 647977

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument was e-filed with the Clerk of the Court using CM/ECF, this 6th day of September, 2013.

By: s/ Nolan K. Klein
NOLAN K. KLEIN