70380-9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| SHELLEY PENNEY, GLADYS MURPHY, ADRIANAH SEELY, STEVEN MARKS, individually and on behalf of all other similarly situated, | CIRCUIT CIVIL DIVISION<br><br>CASE NO. 9:12-cv-80064-KLR |
| Plaintiffs, | |
| vs. | |
| WAIORA, LLC, WAIORA USA, INC., WAIORA INTERNATIONAL, INC., WAIORA HOLDINGS, LLC, WAIORA AUSTRALIA, LLC, WAIORA SINGAPORE, LLC, WAIORA HONG KONG, LLC; ENO RESEARCH AND CONSULTING SERVICES, LLC, NDA CONSULTING, INC., STANLEY J. CHERELSTEIN, ERIK J. DEITSCH a/k/a RIK DEITSCH, NORWOOD STONE, JAMES FLOWERS, JOHN DOE MANUFACTURER, and WAIORA INTERNATIONAL, LTD., | |
| Defendants. _____/ | |

## ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

THIS MATTER comes before the Court upon Joint Motion for Final Approval of Class Settlement (the "Motion") filed by the parties hereto, and the Court having reviewed and considered the relevant submissions, the arguments of the parties as presented at the September 11, 2013 Fairness Hearing, and the applicable law, the Court finds as follows:

1. On January 25, 2012, this action (the "Action") was filed by Plaintiffs, Shelley Penney, Steven Marks, Adrianah Seeley, and Gladys Murphy. Plaintiffs' Amended Complaint seeks to represent a class of individuals located throughout the United States, Canada, and all foreign countries, who directly purchased from Waiora at least one (1) bottle of the original formulation of a product known as Natural Cellular Defense ("NCD") with a label stating that it contained 2400mg of zeolite at any time between April 2008 and October 2011. This Court has jurisdiction over the claims asserted in this proceeding, and over all of the parties to the Action.

2. NCD is a dietary supplement which, according to its label, contains two ingredients: water and zeolite, a naturally occurring mineral. Plaintiffs allege that between April 2008 and October 2011 each bottle of NCD did not meet its label claims, in that the zeolite content of each bottle was "significantly less" than the amount represented on the product label, and less than the amount represented in marketing materials. Plaintiffs allege that independent lab tests confirm that NCD manufactured during the relevant time period was primarily composed of water, with little or no zeolite content. Plaintiffs set forth various causes of action, sounding in negligence and fraud, and asserting violations of the Federal Fair Labeling Act.

3. The proposed settlement in this case is not an admission of liability on the part of any of the Defendants. Defendants continue to deny all of the claims and allegations of wrongdoing asserted against them in this case, and believe they have substantial factual and legal defenses available. For instance, Defendants claim that Plaintiffs' tests do not properly calculate the amount of zeolite in each bottle of NCD, and that their own scientific studies would substantiate all label claims. Nonetheless, Defendants have concluded that further continuation

of this litigation would be protracted and expensive and that it is desirable for this matter to be fully and finally settled and resolved as set forth in the Settlement Agreement.

4.     The parties and their counsel have conducted an extensive evaluation of the facts and circumstances underlying Plaintiffs' claims, and have researched the applicable law. The parties have propounded and responded to numerous discovery requests, including voluminous requests for production, have informally exchanged documentation, and have taken deposition testimony. The parties have conducted contentious and protracted litigation over the scope of discovery (including fully briefing an appeal), leading to production of voluminous documentation. Beginning on November 19, 2012, the parties engaged in a full day of mediation with John Freud, Esq., and thereafter engaged in continuing arms' length negotiation, lasting until January 13, 2013. After two months of negotiation (through the mediator), the parties reached agreement on all material terms of the proposed settlement, executed the Settlement Agreement, and drafted all proposed documentation needed to effectuate a settlement of this case.

5.     On March 8, 2013, this Court granted the Parties' Joint Motion for Preliminary Approval of the Settlement [DE 137] and set a Fairness Hearing for September 11, 2013. [DE 142]. In that Order, this Court conditionally certified a class for purposes of settlement and concluded that the class notice program proposed by the Parties satisfied the requirements of Federal Rule of Civil Procedure 23(c) (2)(B) and 23(e)(1-3), providing the best notice practicable under the circumstances to the Settlement Class. Having provided Notice to the Settlement Class in accordance with my Preliminary Approval Order, the Parties now move for final certification of the Settlement Class and for final approval of the Settlement pursuant to Federal Rule of Civil

Procedure 23(e)(2), which provides that class actions may be settled "only with the court's approval" and requires that the court hold a "hearing and find [] that the settlement is fair, reasonable and adequate" if the settlement would bind class members.

6. This Court held a Final Approval Hearing with all parties on September 11, 2013, in order to determine: (a) whether the Class shall be finally certified for settlement purposes; (b) whether the proposed settlement, as set forth within the Settlement Agreement on file with the Court should be finally approved as fair, reasonable, adequate and in the best interests of the Class; (c) whether a Final Order and Judgment should be entered approving the Settlement Agreement and dismissing the Action with prejudice; (d) whether all members of the Class who had not opted-out of the Class in the manner and form proscribed by the Notice should be bound by the releases set forth in the Settlement Agreement; (e) whether all members of the Class who had not opted-out of the Class in the manner and form proscribed by the Notice should be subject to a permanent injunction which, among other things, bars members of the Class from filing, commencing, prosecuting, intervening in, or participating as class members in, any lawsuit, in any jurisdiction, based on or relating to the claims and causes of action, or facts and circumstances, at issue in this Action; (f) whether the Court should approve the application filed by Class Counsel for payment of attorneys' fees, costs and expenses in the amount agreed upon by the parties as set forth in the Settlement Agreement; and (g) whether the Court should approve the application for class incentive awards to Plaintiffs, in the amounts agreed upon by the parties as set forth in the Settlement Agreement.

7. This Court has personal jurisdiction over all parties hereto, including the members of the Settlement Class because its members were provided with proper notice of the proposed

Settlement, its consequences, their right to be excluded, and their right to be heard. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1954)(*quoting Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950)); *see also In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 148 F.3d 283, 306 (3d Cir.1998) ("[T]he district court obtains personal jurisdiction over the absentee class members by providing proper notice of the impending class actin and providing the absentees with the opportunity to be heard or the opportunity to exclude themselves from the class.")

8. The Court finds the Notice complies with the requirements of Federal Rule of Civil Procedure 23 and with constitutional principles of due process and constitutes the best notice practicable under the circumstances. Actual Notice was sent to each Class Member identified in Waiora's books and records via U.S. Mail as well as posted on a website with the domain name of www.waiorasettlement.com.

9. The Court finds that all applicable requirements of Federal Rule of Civil Procedure 23 have been satisfied, and this Action has been properly maintained according to the provisions of Rules 23(a) and 23(b)(3). The Court finds that (a) the class, as defined below, is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the entire class; (c) the claims of Plaintiffs are typical of the claims of the class; (d) Plaintiffs and their counsel have fairly and adequately protected the interests of the class; (e) the questions of law and fact common to the members of the class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

10. <u>Final Approval of Settlement</u>. The Court finds the proposed settlement embodied by the Settlement Agreement Stipulation was negotiated at arms' length, through an experienced mediator, with the assistance of competent counsel, and is thus determined to be fair, reasonable, adequate, and in the best interest of the Class for settlement purposes. The Court's approval of the proposed settlement is not to be deemed an admission of liability or fault by Defendants, or as a finding that there is validity to any claims asserted in this Action. The settlement is not a concession and shall not be used as an admission of fault or omission on the part of Defendants or any other person or entity. Neither the terms of the settlement, nor of this Order, nor of any related document, shall be offered or received in evidence in any civil, criminal or administrative action or proceeding, other than as may be necessary to consummate or enforce the terms of the Settlement Agreement in this case. Notwithstanding the previous sentence, Defendants may file this Order in any action(s) brought against them and arising out of the same facts and circumstances as this case, for the purpose of supporting a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion, or any similar defense.

11. <u>Certification of the Class</u>. The following class (hereinafter "Class" or "Settlement Class") is certified for settlement purposes only:

> **Each of the estimated 79,652 people who directly purchased from Waiora at least one (1) bottle of the original formulation of a product known as Natural Cellular Defense ("NCD") with a label stating that it contained 2400mg of zeolite at any time between April 2008 and October 2011, as reflected within the books and records of Waiora, LLC.**

The Settlement Class does not contain those Class Members who filed a valid opt-out form pursuant to the instructions in the Preliminary Approval Order. [DE 142, ¶ 16].

12. <u>Designation of Class Counsel</u>. The following law firms are appointed jointly as Class Counsel: Salpeter Gitkin, LLP, Law Offices of Nolan Klein, P.A., and special insurance counsel Ver Ploeg & Lumpkin, P.A.

13. <u>Objections and Appearances</u>. The Order of Preliminary Approval provided that only members of the Class may object to the Settlement Agreement. Members of the Class who wished to object to the settlement were required to file with the Court and serve on the Settlement Administrator and on counsel for the parties a written statement objecting to the proposed settlement. Each valid objection was required to contain a detailed statement of the objector's objections and the grounds and factual basis for the same. Each objector was also required to attend the Fairness Hearing in person to state his/her objection before the Court. Failure to do so rendered an objection invalid. Any member of the Class who did not make and timely serve his/her written objection in the manner prescribed above is deemed to have waived any objections to the settlement. Further, all members of the Class that served written objections would be strictly limited to the grounds and arguments set forth within the written objection.

14. The Court finds that there were no valid objections by any Class Members to this Settlement Agreement. The one objection filed with this Court by Ms. Sharon Lindy on July 8, 2013 [DE 144], is not considered by this Court to be a valid objection as Ms. Lindy did not appear at the Fairness Hearing on September 11, 2013, as required by this Court's Preliminary Approval Order.

15. <u>Exclusion from Class</u>. The Court finds that two hundred and seventy-nine (279) members of the Class validly opted-out of the Settlement Agreement and will therefore not be considered members of the Class for Settlement purposes. All members of the Class that did not

timely and properly submit an opt-out form shall be bound by a Final Judgment entered in this Action, and shall be barred and enjoined, now and in the future, from asserting any of the Released Claims against the Released Parties (as those terms are defined within the Settlement Agreement) and any such member of the Class shall be conclusively deemed to have released any and all such Released Claims.

16. <u>Agreement of the Parties' on Incentive Awards</u>. Plaintiffs' Unopposed Motion to Approve Agreement on Incentive Award to Named Plaintiffs [DE 146] is GRANTED. This Court finds that the incentive award of Five Thousand Dollars ($5,000.00) for each of the four (4) Named Plaintiffs, Shelley Penney, Steven Marks, Adrianah Seeley, and Gladys Murphy, is reasonable and fair. The Named Plaintiffs expended significant time and effort in actively litigating this case, including the investigation into the claims and involvement in the settlement negotiations. Class Counsel is hereby instructed to disburse the incentive payments from escrow to the Named Plaintiffs in the manner provided within the Stipulation of Settlement [DE 136].

17. <u>Agreement of the Parties on Class Counsel's Fees and Costs</u>. Plaintiffs' Unopposed Motion to Approve Agreement on Attorney's Fees and Costs [DE 147] is GRANTED. This Court finds that Class Counsel's attorney's fees and costs as agreed upon between the parties is reasonable and fair, whether calculated as a percentage of the total settlement value or using lodestar method. Class Counsel is instructed to disburse amounts earmarked for payment of attorney's fees and costs in the manner provided within the Stipulation of Settlement. [DE 136].

18. <u>Use of Order</u>. The Defendants may file this Order in any action that may be brought against them, in order to support a defense or counterclaim based on principles of res

CASE NO. 9:12-cv-80064-KLR

judicata, collateral estoppel, release, good faith settlement, judgment bar, or any other theory of claim preclusion or issue preclusion, or any similar defense.

19. Based on the foregoing, it is hereby ORDERED AND ADJUDGED that:

    a. The terms of the Stipulation of Settlement [DE 136] are APPROVED, and the Motion for Final Approval of Settlement is GRANTED in accordance with the terms of this Order.

    b. The Court hereby jointly appoints the following law firms as Class Counsel: Salpeter Gitkin, LLP, Law Offices of Nolan Klein, P.A., and special insurance counsel Ver Ploeg & Lumpkin, P.A.

    c. Notwithstanding the certification of the Settlement Class and appointment of class representatives, if this Order is reversed on appeal or upon the termination of the Stipulation of Settlement [DE 136] pursuant to Paragraph 9 thereof following any reversal on appeal, the foregoing certification shall be void and of no further effect, and all parties shall be returned to the status they occupied before entry of this Order, without prejudice to any legal argument any of the parties may assert.

    d. The Class Members that have requested to opt-out of the Settlement ("Opt-Out Plaintiffs") in accordance with the opt-out procedures approved by this Court, see [DE 142, ¶ 16], will not be bound by the Settlement.

    e. Any Class Member who did not seek exclusion from the Class in accordance with the terms and conditions of the Stipulation of Settlement [DE 136], will be bound together with all Class Members by all of the terms of the

CASE NO. 9:12-cv-80064-KLR

Settlement, and will be barred from bringing any action against any of the "Released Parties" concerning the "Released Claims," as those terms are defined in the Stipulation of Settlement. [DE 136].

f. Each and every Plaintiff and Class Member, as those terms are defined in the Stipulation of Settlement [DE 136], shall be deemed to have fully, finally and forever released, relinquished and discharged all Released Claims against the Released Parties.

g. Without affecting the finality of this Order in any way, this Court will retain jurisdiction over: (a) the implementation of this Settlement and any award or distribution of the benefits conferred upon the Class; and (b) all of the parties to this action for the purpose of construing, enforcing, and administering the Settlement.

h. All claims are hereby DISMISSED WITH PREJUDICE.

i. The clerk is directed to CLOSE this case. *This matter is Removed from the November 18, 2013 trial calendar.*

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 11th day of September, 2013.

Kenneth L. Ryskamp
United States District Judge

- 10 -